Morgan E. Pietz (SBN 260629)
  morgan@pstrials.com
PIETZ & SHAHRIARI, LLP
6700 S. Centinela Avenue, 2nd Floor
Culver City, CA 90230
Telephone:  (310) 424-5557
Facsimile:   (310) 597-4626

Attorneys for Defendant
*LINE FINANCIAL HEALTH NETWORK*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., a New York Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>LINE FINANCIAL HEALTH NETWORK, individually and d/b/a "Line Financial, PBC", a California corporation; and DOES 1-10,<br><br>          Defendant(s). | Case No. CV 23-5419-JFW (RAOx)<br><br>Assigned for All Purposes to the Honorable John F. Walter<br><br>**DEFENDANT LINE FINANCIAL PBC'S ANSWER TO PLAINTIFF CREATIVE PHOTOGRAPHERS, INC.'S CORRECTED COMPLAINT (ECF NO. 2)**<br><br>**AFFIRMATIVE DEFENSES;**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>Action Filed: July 6, 2023 |

**LINE FINANCIAL PBC'S ANSWER TO COMPLAINT**

Defendant Line Financial Health Network, doing business as, Line Financial, PBC ("Line Financial" or "Defendant"), hereby answers the Complaint of Plaintiff Creative Photographers, Inc. ("Plaintiff"), raises certain affirmative defenses, and demands trial by jury as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

**Answer:** Admitted.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

**Answer:** Admitted.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**Answer:** For the purposes of this action only, Defendant does not contest venue. Except as expressly admitted, Defendant denies the allegations of Paragraph.

## PARTIES

4. Plaintiff CPI is a New York-based premier photographic syndication company that provides photos of models and celebrities created by internationally renowned photographers to communication and media businesses. CPI exclusively administers the copyrights at issue in this action, and thus has standing to maintain this action under 17 U.S.C. § 501(b).

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, such that these allegations are deemed denied.

5. Plaintiff LINE FINANCIAL HEALTH NETWORK, individually and d/b/a "Line Financial, PBC" (UseLine) is a California corporation with its principal

place of business located at 353 Sacramento Street, San Francisco, CA 94111, and is the owner, operator, and/or controller of the commercial blog page at https://useline.com/, and their related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "UseLines Websites).

**Answer:** Defendant admits that it is a Delaware corporation authorized to do business and doing business in the State of California. Defendant further admits that it was the owner and operator of the https://useline.com/ URL. Except as expressly admitted, Defendant denies the allegations of Paragraph 5.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 (collectively with UseLine, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiffs rights and the damages to Plaintiff proximately caused thereby.

**LINE FINANCIAL PBC'S ANSWER TO COMPLAINT**

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS

8. CPI is the exclusive administrator, syndicator, and licensing agent for 4 original photographs registered with the U.S. Copyright Office and the copyrights therein ("Subject Photographs") and represents the photographers who took the Subject Photographs. Accordingly, CPI has standing to maintain this action under 17 U.S.C. § 501(b).

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

9. Following the publication and display of the Subject Photographs, Defendants, copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photographs on UseLine's Websites without a license, authorization, or consent from CPI ("Accused Posts").

**Answer:** Defendant admits that it did not have the plaintiff's express authorization or consent to use the photographs, but otherwise denied.

10. To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) more than three years before the date of this pleading, CPI did not know, and had no reason to know, of such exploitation(s).

**Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, such that these allegations are deemed denied.

11. The Subject Photographs and screen captures of the Accused Posts are set forth in **Exhibit 1**.

**Answer:** Defendant admits that plaintiff attached a document to its complaint as its Exhibit 1, but defendant is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations, such that these allegations are deemed denied.

12. CPI sent correspondence to UseLine in April 2023 demanding that it cease and desist its use of the Subject Photographs on its platform, remove the Accused Posts, and provide CPI certain information regarding its use of the Subject Photographs so the parties could explore an amicable resolution to this dispute. UseLine did not respond. CPI now seeks relief from this Court.

**Answer:** Defendant denies the allegations of Paragraph 12.

## FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against All Defendants, and Each)

13. Plaintiff incorporates by reference, the allegations contained in the preceding paragraphs of this Complaint.

**Answer:** Defendant repeats, realleges, and incorporates herein by references it responses to each of the preceding allegations as if fully set forth herein.

14. Upon information and belief, Defendants, and each of them, had access to the Subject Photographs, including through viewing the Subject Photographs on CPI's or the Photographers' websites, social media pages, galleries, or exhibitions; or on Internet search engines or third-party websites. The identicality of the copying also show access.

**Answer:** Denied.

15. Upon information and belief, Defendants, and each of them, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise used copies of the Subject Photographs on UseLine's Websites without a license, authorization, or consent from CPI, at least on the websites depicted in **Exhibit 1** hereto.

**Answer:** Denied.

16. Due to Defendants' acts of copyright infringement, CPI has suffered damages in an amount to be established at trial.

**Answer:** Denied.

17. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, CPI is entitled to disgorgement of Defendants' profits attributable to the infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

**Answer:** Denied.

18. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement with actual or constructive knowledge of, or in reckless disregard of, the Photographers' and/or CPI's rights in the Subject Photographs, which renders those actions willful, intentional, or malicious.

**Answer:** Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief sought in paragraphs (a) to (h) listed in the Prayer for Relief at Page 5 of the Complaint, or to any relief whatsoever.

## *AFFIRMATIVE DEFENSES*

For its affirmative defenses, and without altering any applicable burdens, Defendant alleges that Plaintiff's claims are barred, in whole, or in part, as follows:

## FIRST DEFENSE:
### Fair Use

19. Defendant's alleged use of the photographs was lawful under the doctrine of fair use.

## SECOND DEFENSE:
### Equitable Estoppel for Inducement or Inaction

20. On information and belief, Plaintiff knew, should have known, or was willfully blind to the facts relating to the distribution of its photographs whereby the

plaintiff induced their free distribution or failed to take reasonable action to stop such distribution.

21. Defendant was ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct.

22. Defendant relied upon Plaintiff's inducement, inaction, and other conduct to its injury.

### THIRD DEFENSE:

### Unclean Hands

23. The allegations of the second affirmative defense are incorporated here by reference.

24. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design, so as to then sue for infringement, that also amounts to unclean hands by Plaintiff.

25. On information and belief, Plaintiff's inducement of infringement of the Copyright-in-Suit was a transgression of serious proportions that relates directly to the subject matter of this infringement action.

### FOURTH DEFENSE:

### Implied License

26. The allegations of the second affirmative defense are incorporated here by reference.

27. To the extent that Plaintiff or its agents actively induced the dissemination of Plaintiff's design, or failed to take reasonable action to stop such dissemination, Plaintiff's conduct and representations give rise to an implied license granted by Plaintiff.

### FIFTH DEFENSE:

### Incorrect Information Included in Copyright Registration Application

[17 U.S.C. § 411(b)]

28. On information and belief, Plaintiff included inaccurate information on Plaintiff's application for copyright registration with knowledge that it was inaccurate.

29. On information and belief, the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

## SIXTH DEFENSE:
## Fraud on the Copyright Office

30. On information and belief, Plaintiff knowingly included information in its registration application that was false and that was intended to defraud the Copyright Office into issuing the registration at issue.

31. On information and belief, if the Copyright Office had known the true facts, it would have refused registration for the registration at issue.

## SEVENTH DEFENSE:
## Statutory Damages Under the Copyright Act Are Unconstitutional

32. Under the Copyright Act, Congress did not intend to burden juries with deciding on the amount of statutory damages; rather, Congress intended that judges set such awards. 17 U.S.C. § 504(c)(1) (statutory damages may be awarded in an amount "the court considers just"); id. at (c)(2) (where "the court finds" that infringement was committed willfully "the court in its discretion may increase the award"). Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 346-47 (1998) ("The word 'court' in this context appears to mean judge, not jury. … We thus discern no statutory right to a jury trial when a copyright owner elects to recover statutory damages").

33. The Seventh Amendment to the U.S. Constitution guarantees a right to jury trial on "suits at law." In Feltner, a case where a defendant had demanded that a jury determine statutory damages, the Supreme Court looked to 18th Century history and determined that a suit for copyright infringement is historically akin to a suit "at law." Id. at 349-55. Thus, the Supreme Court held, "the Seventh Amendment

provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." Id. at 355.

34. It is therefore clear that Section 504 of the Copyright Act, wherein Congress gave judges, rather than juries, the authority to award statutory damages violates the Seventh Amendment of the U.S. Constitution. See 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) ("Eight justices of the United States Supreme Court have now determined that Congress did not allow for juries to be appointed under Section 504(a), which is therefore unconstitutional …..") (citing Feltner, 523 U.S. at 347).

35. Accordingly, since Section 504 of the Copyright Act is facially unconstitutional, it should be deemed invalid such that it cannot serve as the basis for a statutory damages award. See 5-14 Nimmer on Copyright § 14.04[C][2] (Dec. 2015 ed.) (criticizing Feltner as "unsettling" and calling into question the Supreme Court's ostensible justification for obliquely allowing statutory damages to continue to be awarded even though the only statute allowing them says they should be provided by judges, not juries, and is thus unconstitutional. "This field appears to have sunk into disarray. … Until such time as a different viewpoint of the Seventh Amendment prevails, and Congress is allowed to commit the award of statutory damages to district judges in the exercise of their discretion, the impasse between robe and venire may simply persist."); cf. Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 US 424, 432 (2001) ("Unlike the measure of actual damages suffered, which presents a question of historical or predictive fact, []the level of punitive damages is not really a 'fact' 'tried' by the jury.'").

36. Further, in a case where actual damages are minimal or nonexistent such as this one, it is possible that even the minimum amount of statutory damages prescribed under the Copyright Act of $750 per work of authorship, or such other

higher figure as might be returned by a verdict, would amount to an unconstitutional deprivation of a defendant's due process, as applied.

### EIGHTH DEFENSE:
### Knowledge, Consent, and Acquiescence

37. On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

### NINTH DEFENSE:
### Failure to Mitigate

38. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff was aware that the allegedly original copyrighted design it purports to own was being allegedly infringed online, and purposefully avoided taking steps that might mitigate the spread of infringement.

### TENTH DEFENSE:
### Misuse of Copyright

39. On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse. The defense of misuse "need not even be grounded in anti-competitive behavior, and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'" Disney Enters., Inc. v. Redbox Automated Retail, LLC, No. 17-cv-08655-DDP(AGRx), slip op. at 16-17 (C.D. Cal. Feb. 20, 2018) (order denying motion for preliminary injunction) (quoting Omega S.A. v. Costco Wholesale Corp., 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

40. The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." Twentieth Century Music Corp. v. Aiken, 422 U.S. 151, 156 (1975). While fabric copyright plaintiffs

enjoy a limited monopoly over their designs, the use of infringement lawsuits as a business model reduces the choices available to consumers of apparel, frustrating the policy goals of copyright.

### ELEVENTH DEFENSE:
### Innocent Intent
[17 U.S.C. § 504(c)(2)]

41.   Plaintiff's damages, if any, are limited because Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright.

### TWELFTH DEFENSE:
### Fair Use

42.   Plaintiff's claims are barred in whole or in part by the doctrine of fair use in that the subject garment designs sold by Defendant were transformative and constitute new and unique artistic expressions as compared to the original elements, if any, of the Copyright-in-Suit.

### THIRTEENTH DEFENSE:
### *De Minimis* Infringement

43.   Plaintiff's claims are barred in whole or in part because any copying of original elements or other violations of rights which may have occurred was de minimis.

### FOURTEENTH DEFENSE:
### Failure to State a Claim Upon Which Relief Can be Granted
[Fed. R. Civ. P. 12(b)(6)]

44.   Plaintiff has failed to state a claim upon which relief can be granted.

### FIFTEENTH DEFENSE:
### Failure to Join a Party Under Rule 19
[Fed. R. Civ. P. 12(b)(7)]

**LINE FINANCIAL PBC'S ANSWER TO COMPLAINT**

45.     On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Defendant.

### ADDITIONAL DEFENSES:

46.     Line Financial reserves the right to supplement or amend this Answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**ACCORDINGLY**, Defendant hereby prays that Plaintiff takes nothing on its complaint and that Defendant recover its costs, including attorney's fees under the Copyright Act, and such other further relief as the Court may deem just and proper.

### *DEMAND FOR JURY TRIAL*

Defendant requests a trial by jury of all issues triable by jury.

Dated: November 3, 2023                               PIETZ & SHAHRIARI, LLP

                                                By:  /s/ Morgan E. Pietz
                                                     Morgan E. Pietz
                                                     *Attorney for Defendant*
                                                     *Line Financial Health Network*